**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RALPH HALSEY,**

    **Petitioner,**

**v.**                                                   **Case No. 8:01 CV-2494-T-27MSS**

**JAMES V. CROSBY, JR.,**

    **Respondents.**
_____/

**O R D E R**

This cause is before the Court on Petitioner's Motion for Reconsideration filed pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P. (Dkt. 31). On April 7, 2005, the Court entered an order denying Petitioner's request for federal habeas relief on the merits.

Consideration of Petitioner's motion is limited by the Eleventh Circuit's decision in *Gonzalez v. Secretary for Dept. of Corrs.,* 366 F.3d 1253, 1285-86 (11th Cir. 2004) (*en banc*) (finding that "there are two different circumstances or exceptions in which a [habeas] petitioner will be permitted to file a Rule 60 motion," the court held that "a petitioner will be able to file a Rule 60 motion and have it treated by the district court as a motion under that rule instead of as a non-authorized second or successive petition [ ] where there was fraud upon the federal court which led to the denial of the habeas petition."). As the *Gonzalez* court recognized, habeas rules and statutory provisions governing habeas proceedings trump general civil rule provisions that are inconsistent therewith. *Id*. at 1271.

1

In this circuit, fraud on the court is defined as "embracing only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Securities & Exchange Commission v. ESM Group, Inc.*, 835 F.2d 270, 273 (11th Cir. 1988) (citing *Travelers Indemnity Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985)). "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1118 (1st Cir. 1989) (citations omitted). A case of fraud upon the court calls into question the very legitimacy of the judgment.

The Court finds that Petitioner fails to demonstrate any basis for relief under either Rule 59(e) or Rule 60(b)(3). *See Boone v. Sec., Dep't. Of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004) (finding that in federal habeas proceedings, the district courts lack jurisdiction to entertain Rule 60(b) motions unless the motion is brought on a claim of fraud on the court (Fed. R. Civ. P. 60(b)(3)); *Gonzalez,* 366 F.3d at 1271 (observing that the broadly discretionary and equitable provisions of Rule 60(b) "are inconsistent and irreconcilable with AEDPA's purpose, which is to greatly restrict [ ] the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications" (citation omitted)); *Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the

*Gonzalez* rationale should extend to encompass Rule 59(e) motions, as well Rule 60(b) motions).

ACCORDINGLY, the Court **ORDERS** that the Petitioner's Motion for Reconsideration (Dkt. 31) is **DENIED**.

**ORDERED** in Tampa, Florida, on <u>April 29, 2005</u>.

<u>/s/ James D. Whittemore</u>
**JAMES D. WHITTEMORE**
**United States District Judge**

Copy to: All Parties of Record

3