UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH HALSEY,

    Petitioner,

v.                                      Case No. 8:01 CV-2494-T-27MSS

JAMES V. CROSBY, JR.,

    Respondents.
_____/

## ORDER

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal of the April 7, 2005 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 33). The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] Petitioner did not pay the appellate filing fee or file a request to proceed on appeal in forma pauperis.

Judgment was entered in favor of Respondents on April 8, 2005. Petitioner filed a timely motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). The Court denied the motion on April 29, 2005. The notice of appeal was filed on May 18, 2005 (Dkt. 33).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Petitioner's challenge to his 1999 state conviction was denied on the merits. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the claims asserted in the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Notice of Appeal, which it has construed as a motion for issuance of a certificate of appealability, *see* Dkt. 34, is **DENIED**.

**ORDERED** in Tampa, Florida, on May 24th, 2005.

SA:jsh
Copy to: All Parties of Record

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE